ELLIS, Judge:
This is a suit for damages arising out of an intersectional collision. Plaintiff is Harold Patin and the defendants are the City of Baton Rouge and the Parish of East Baton Rouge. After trial on the merits, judgment was rendered in favor of defendants, and plaintiff has appealed.
The accident happened at the intersection of Iroquois Street and North Acadian Thruway East in Baton Rouge. Acadian enjoys the right of way, and traffic entering it from Iroquois Street is controlled by a stop sign. Plaintiff ran the stop sign and was involved in an accident which caused the damages complained of herein.
It is contended that the accident happened because the stop sign was obscured by the branches of a tree, and plaintiff was unable to see it as he approached Acadian. Plaintiff claims that the defendant was negligent in permitting the sign to become obscured. In support of his testimony that the stop sign was obscured, plaintiff offered a series of snapshots which he took three or four days after the accident.
Defendants offered the testimony of the officer who investigated the accident. He testified that, immediately after the accident, and at the plaintiffs request, he walked back along Iroquois Street a half a block to observe the sign. When his investigation was concluded, he drove his-police car over the route followed by plaintiff. He stated that the sign, although partially obscured, was clearly visible on both occasions. There was other testimony that the defendants had no notice of the existence of a hazardous condition at the intersection.
The trial judge held that the defendants were not negligent, and that, even if they were, plaintiff should have seen the sign, and was therefore contributorily negligent. In so doing, he accepted the testimony of the investigating officer that the stop sign was not so obscured as to constitute a hazardous condition, and was, in fact, easily observable.
After carefully reviewing the record, we find no manifest error in this conclusion of fact. The judgment appealed from is therefore affirmed at the plaintiff’s cost.
Affirmed.